UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KERSTIN SHINN | * | CIVIL ACTION |
| | * | NO. 10-2890 |
| | * | |
| versus | * | SECTION B |
| | * | JUDGE LEMELLE |
| | * | |
| OCHSNER HEALTH SYSTEM | * | DIVISION 4 |
| * * * * * * * * * * * * * * * * * * * | | MAGISTRATE ROBY |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

MAY IT PLEASE THE COURT

Plaintiff Kersten Shinn (Shinn) filed her Complaint on September 1, 2010 (Rec. Doc. 1) and her First Amended Complaint on September 8, 2010 (Rec. Doc. 4). On October 27, 2010, Defendant Ochsner Health System (Ochsner) filed its Answer (Rec. Doc. 6). Shinn challenges the following defenses asserted by Ochsner under Federal Rule of Civil Procedure 8(c):

1. Ochsner, *inter alia*, claims that Plaintiff has failed to mitigate her damages.

2. Ochsner claims that it "made a good faith effort to prevent retaliation, discrimination and harassment in the workplace and to comply with the law."

3. Plaintiff's claim for damages is subject to limitation and caps.

4. Plaintiff's claims not made the subject of a "charge" are time barred.

5. Plaintiff's claims are barred where they exceed the scope of charges filed with the Louisiana Commission on Human Rights and Equal Employment Opportunity Commission.

6. Ochsner claims limitation of recovery on any future discovered after-acquired evidence.

1

7. Ochsner claims that Plaintiff was not a qualified individual with a disability and did not request a reasonable accommodation.

8. Ochsner claims it would have taken the same challenged action in the absence of any impermissible motivating factor.

Although Defendant lists its affirmative defenses, Ochsner does not convey the grounds for these defenses. Plaintiff has not been placed on notice of Defendant's grounds for raising its defenses. Under Rule 12(f), a court may strike from a pleading an insufficient defense. Fed. R. Civ. P. 12(f). Because affirmative defenses are pleadings, they are governed by Rule 8's requirement of a short and plain statement of the defense. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294, citing Fed. R. Civ. P. 8(a); *see also* Fed. R. Civ. P. 8(b)(1)(A) (defendant must "state in short and plain terms its defenses").

Although a motion to strike pleadings or affirmative defenses is generally disfavored because it consumes scarce judicial resources, a pleading or affirmative defense may be stricken if it fails to give the opposing party fair notice of the defense and the non-moving party's grounds for the claim. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). But, unsupported, conclusory allegations are insufficient to meet the Rule 8 standard and must be stricken. *Heller Financial*, 883 F.2d at 1295. Simply naming a legal theory without indicating how it is connected to the case will not withstand a motion to strike. *Nat'l Acceptance Co. of Amer. v. Regal Prods.*, 155 F.R.D. 631, 637 (E.D. Wis. 1994); *Renalds v. S.R.G. Rest. Group Chi.*, 119 F.Supp.2d 800, 803 (N.D. Ill. 2000) (collecting authorities).

Ochsner has failed to articulate any bases whatsoever for these challenged defenses, and, certainly, nothing can be gleaned from its Answer. Rule 8 requires notice in pleadings – not facts, elements of causes of actions, or legal theories. *Hefferman v. Bass*, 467 F.3d 596, 600 (7th

Cir. 2006). Defendant has failed to comply with Rule 8 because it has not given Plaintiff sufficient notice. Its affirmative defenses are most accurately categorized as legal theories with implied elements. *Twombly*, 127 S.Ct. at 1964-65 (plaintiff need not plead detailed factual allegations but must provide more than labels and conclusions and recitation of elements of causes of action).

For these reasons, this Court should strike the affirmative defenses plead by Defendant Ochsner Community Hospitals, improperly named as Ochsner Health System.

>Respectfully submitted,
>LAW OFFICE OF DALE EDWARD WILLIAMS
>
>/s/Dale E. Williams
>Dale E. Williams, Bar #18709
>212 Park Place
>Covington, Louisiana 70433
>Telephone: (985) 898-6368
>Facsimile: (985) 892-2640
>mailto:dale@daleslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served via the CM/ECF system, which will send a notice of electronic filing to all counsel of record on this, the 1st day of November 2010.

>/s/Dale E. Williams