**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KERSTIN SHINN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2890** |
| **OCHSNER HEALTH SYSTEM** | **SECTION: "B"(4)** |

**REPORT AND RECOMMENDATION**

Before the Court is a **Motion to Strike Affirmative Defenses (R. Doc. 10)** filed by the Plaintiff, Kerstin Shinn, seeking an Order from this Court striking affirmative defenses contained in the Defendant's, Ochsner Community Hospitals ("Ochsner"), answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Ochsner opposes the motion. (R. Doc. 12.) The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1E(A) for the submission of proposed findings and recommendations. The motion was heard with oral argument on **Wednesday, November 17, 2010**.

## I. Background

The Plaintiff brings the present action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* The Plaintiff alleges that in 2007, she injured her knee[1] at work which necessitated several surgeries and restrictions. At the time, she was an employee of the Defendant, Ochsner Health System, an entity providing healthcare services within the state of Louisiana. (R. Doc. 4, ¶ 1.) Plaintiff contends that up until her injury, she performed her work to the satisfaction of her employer. (R. Doc. 4, ¶ 4.) Plaintiff contends that her first surgery was performed on July

[1]Shinn's Complaint does not detail how she injured her knee, or what type of injury her knee sustained.

18, 2007, and although Ochsner received documentation regarding her physical limitations and work restrictions, no reasonable accommodations were provided. (R. Doc. 4, ¶ 5.)

On November 9, 2007, the Plaintiff had a second surgery.[2] Subsequently, the Plaintiff provided Ochsner with a status report regarding the injury which indicated that a third surgery would likely be necessary. (R. Doc. 4, ¶ 6,) Plaintiff contends that at this point, it was "apparent" that Shinn's continued treatment would cause a long term impact on her major life activity of walking, and therefore Shinn was an individual with a disability. (R. Doc. 1, ¶ 6.) Shinn contends that she provided a status report regarding her condition to Frank Urbeso, her supervisor, by fax on February 13, 2008. (R. Doc. 4, ¶ 7.) Shinn also states that she contacted Urbeso to request a conference about accommodations and returning to work. (R. Doc. 4, ¶ 8.) She states that as of February 13, 2008, she had not exhausted her medical leave nor requested additional leave.

On February 15, 2008, however, Shinn alleges that she was contacted by Mr. Urbeso who informed her that there would no longer be a conference regarding her accommodations because she had been terminated. Mr. Urbeso informed the Plaintiff that she was being terminated because she had exhausted her leave. (R. Doc. 4, ¶ 9.) Plaintiff alleges that she was fired for the pre-textual reason that she exhausted her leave under the Family and Medical Leave Act. (R. Doc. 4, ¶ 10.)

Shinn contends that on August 29, 2008, she filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Her charge was investigated and the EEOC made a determination finding cause on May 11, 2009. On June 3, 2010, the Plaintiff received a Notice of Right to Sue from the EEOC. (R. Doc. 4, ¶ 13.)

Plaintiff alleges damages under the Americans with Disabilities Act and the Louisiana

---

[2]The types of surgeries Shinn had were not disclosed to the Court.

Employment Discrimination Law and seeks damages including loss of income, punitive damages, general pain and suffering, reinstatement or front pay, and reasonable fees and costs associated with the present action. (R. Doc. 1, ¶ 10.)

As to the present motion, Ochsner filed their Answer on October 27, 2010, alleging eleven (11) affirmative defenses. (R. Doc. 4.) Plaintiff contests several of Ochsner's affirmative defenses contained in the answer because she asserts that there are no grounds for the defenses, and therefore Plaintiff has not been properly put on notice pursuant to the Federal Rules of Civil Procedure. (R. Doc. 10-2, p. 2.) Ochsner contests the present motion, and states that they have sufficiently met the "notice pleadings" standard utilized in Federal Courts.

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic Woodworking*, LLC, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal.2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank,* 607 F.2d 824, 827 (9th Cir.1979). What constitutes fair notice depends on the particular defense in question. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed.2004). While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient. Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." 5C Wright & Miller § 1381, at 428; accord *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324,

92 L.Ed.2d 731 (1986).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990). Impertinent matter does not pertain, and is not necessary, to the issues in question. *Id.*

## III. Analysis

The Plaintiff seeks to have the following affirmative defenses stricken: (1) Plaintiff failed to mitigate her damages;(2) Ochsner made a "good faith effort" to prevent retaliation, discrimination, and harassment in the workplace"; (3) Plaintiff's damages are subject to limitation and caps; (4) Plaintiff's claims were not made the subject of a "charge" and are time barred; (5) Plaintiff's claims are barred where they exceed the scope of charges filed with the Louisiana Commission on Human Rights and Equal Employment Opportunity Commission; (6) Ochsner's claim for limitation of recovery on any future discovered after-acquired evidence; (7) Plaintiff is not a qualified individual with a disability and did not request a reasonable accommodation; and (8) Ochsner claims that it would have taken the same challenged action in the absence of any impermissible motivating factor. (R. Doc. 10-2, pp. 1-2.)

Plaintiff claims that Ochsner has failed to articulate any bases for their defenses, and that the Plaintiff is unable to "glean" anything from the answer. (R. Doc. 10-2, p. 2.) Plaintiff contends that under Rule 8 of the Federal Rules of Civil Procedure, notice in pleadings is required, and facts, elements of causes of action, and legal theories are insufficient to put a party on notice. *Id.* Plaintiff contends that the affirmative defenses raised are nothing more than categorized legal theories with implied elements. (R. Doc. 10-2, p. 3.) Therefore, Plaintiff seeks to have the defenses stricken.

Defendant contends that the Plaintiff has not alleged that the challenged affirmative defenses would be prejudicial to her, nor that the challenged defenses are insufficient as a matter of law. (R. Doc. 12, p. 3.) Instead, Plaintiff's complaint is that she has not been properly put on notice as to the affirmative defenses that Defendant wishes to assert. *Id.* Defendant contends that, contrary to Plaintiff's assertions, Defendant has complied with the "notice pleading" requirements of Rule 8.

"'The Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs.'" *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir.2007) (quoting *Morgan Guar. Trust Co. of New York v. Blum*, 649 F.2d 342, 344 (5th Cir. Unit B 1981)). As the Fifth Circuit explained in *Arismendez,* "Rule 8(c) of the Federal Rules of Civil Procedure 'requires that an affirmative defense be set forth in a defendant's responsive pleading. Failure to comply with this rule, usually results in a waiver.'" 493 F.3d at 610 (quoting *Lucas*, 807 F.2d at 417). "[A] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Rogers v. McDorman* 521 F.3d 381, 385 (5th Cir.2008) (quoting *Ingraham v. United States,* 808 F.2d 1075, 1079 (5th Cir.1987)).

Under Rule 8(c), a defendant is obligated to plead affirmatively any of the eighteen listed defenses he or she wishes to assert.[3] However, Rule 8(c) also includes a general "catch-all"

---

[3]Under Federal Rule of Civil Procedure 8 (c):

> In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
> - accord and satisfaction;
> - arbitration and award;
> - assumption of risk;
> - contributory negligence;
> - duress;
> - estoppel;
> - failure of consideration;
> - fraud;
> - illegality;
> - injury by fellow servant;

provision, requiring a defendant to enumerate any "matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c). Generally speaking, the rule's reference to "an avoidance or affirmative defense" encompasses two types of defensive allegations: those that admit the allegations in the complaint but suggest some other reason why there is no right to recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer." 5C Wright & Miller, § 1271. As a result, a pleader, in order to avoid waiving an otherwise valid defense, often will decide to set up affirmatively matter that technically may not be an affirmative defense but nonetheless might fall within the residuary clause of Rule 8(c). Normally, the pleader will not be penalized for exercising caution in this fashion even when affirmative pleading proves to be unnecessary. *Id.*

Motions to strike a defense "are generally disfavored," although a Rule 12(f) motion to dismiss a defense may be granted when the defense is "insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F .2d 1045, 1057 (5th Cir. 1982). "What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question." *EEOC v. First National Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). "Courts should be cautious in granting motions to strike affirmative defenses, particularly when a defendant may not have had ample opportunity to prove his allegations that the defense might

---

- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

Fed.R.Civ.P. 8(c). The Court notes that prior to December 1, 2010, bankruptcy was also an enumerated affirmative defense. However, on December 1, 2010, bankruptcy was removed as an affirmative defense

succeed on the merits." *Owens v. UNUM Life Ins. Co.*, 285 F.Supp.2d 778 (E.D. Tex. 2003).

The United States Supreme Court recently clarified that to meet the requirements of Rule 8, in order to provide proper notice of the grounds upon which a claim rests, a claim requires enough facts to state a claim to relief that is "plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Fifth Circuit held in *Woodfield v. Bowman* that an affirmative defense is subject to the same pleading requirements as the Complaint. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). Despite the relaxed pleading standards of Rule 8, a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced. *Synergy Mngmt, LLC v. Lego Juris, A/S*, 2008 WL 4758634 (E.D. La. Oct. 24, 2008). In some cases, merely pleading the name of the affirmative defense may be sufficient. *Woodfield*, 193 F.3d at 362. The "fair notice" pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise. *Id.* The inquiry into whether the plaintiff was unfairly surprised is a fact-specific analysis. "Boilerplate" defensive pleading is not sufficient under Rule 8(c). *Id.*

**A. <u>Affirmative Defense Number 2</u>**[4]

Defendant raised the affirmative defense that the Plaintiff failed to mitigate her damages.[5] Defendant contends that the Plaintiff's motion to strike this defense is premature, because as discovery has not yet commenced, the Defendant has not had an opportunity to discover any supporting facts for this defense. (R. Doc. 12, p. 3.) Defendant also contends that if the defense is not raised, it is waived.

---

[4]The Court notes that the First Affirmative Defense was not contested by the Plaintiff.

[5]Defendants **Second Defense** states, "Ochsner denies it is liable to Plaintiff and further denies that Plaintiff has sustained any damages. In the alternative, Plaintiff has failed to mitigate her alleged damages as required by law." (R. Doc. 6, p. 2.)

At the hearing, the Plaintiff contended that because the Defendant failed to utilize any facts to support the affirmative defense, the defense should be stricken. Furthermore, the Plaintiff contended that because failure to mitigate is not an affirmative defense under the Federal Rules, the Defendant can later amend their Answer to include the defense once facts have been gathered to support it.

Although mitigation of damages is not expressly listed among Rule 8(c)'s affirmative defenses, the Fifth Circuit has indicated that it falls into Rule 8(c)'s catch-all category of "any other matter constituting an avoidance or affirmative defense." *Ingraham v. United States,* 808 F.2d 1075, 1078 (5th Cir. 1987). In *Knox v. City of Monroe,* No. 07-606, 2009 WL 936965, at * 11 (W.D. La. Apr. 16, 2009)(James, J.), the Court discussed mitigation of damages in the employment discrimination context. In *Knox*, the Court stated that, in an employment discrimination case, a plaintiff as a duty to mitigate their damages. The Court further commented that mitigation of damages is an affirmative defense.

Although mitigation of damages is an affirmative defense, the Court finds that the defense was not properly pled by the Defendant. By merely stating that Plaintiff failed to mitigate, Defendant has done nothing more than recite a legal conclusion. Such a boilerplate defensive pleading is insufficient under Rule 12.

In an employment discrimination case, a plaintiff has a duty to mitigate her damages by using reasonable diligence to obtain substantially equivalent employment. *Sellers v. Delgado College*, 702 F.2d 1189, 1193 (5th Cir. 1990.) Here, the Defendant's pleading does not put the Plaintiff on notice that Ochsner intends to assert that the Plaintiff did not use reasonable diligence in acquiring equivalent employment. In fact, it is unclear if this is even the basis for the mitigation of damages defense. Ochsner provides the Plaintiff with little more than a conclusory allegation that she failed

to mitigate. Such generalized, unspecific pleading does not comply with the Federal Rules, and therefore should be stricken.

**B. Affirmative Defense Number 3**

Defendant also raised the affirmative defense that Ochsner "made a good faith effort to prevent retaliation, discrimination, and harassment in the workplace and to comply with the law."[6] Ochsner contends that this clearly puts the Plaintiff on notice that they seek to raise the *Kolstad* defense, which refers to the Supreme Court's decision in *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999). In *Kolstad*, the Supreme Court found that an employer may avoid punitive damages if it has made a good-faith effort to prevent discrimination in the workplace. *Id.* at 545-546.

The Court notes that, in neither the Complaint nor the charge with the EEOC, did the Plaintiff raise either a claim of retaliation or harassment. In fact, in the Charge with the EEOC, the Plaintiff only checked the box for "discrimination." Therefore, there is no foundational basis for the defense as it relates to retaliation or harassment. Furthermore, according to Shinn's Complaint, she attempted to regain employment with the Defendant and her efforts were refused. Therefore, she was not employed by the Defendant during the time in which she made her complaints to the EEOC so that it would have been possible for Defendant to retaliate against or harass her. Consequently, Defendant's inclusion of retaliation and harassment in their affirmative defense is impertinent and immaterial. As a result, it is recommended that the Plaintiff's motion to strike Affirmative Defense Number 3 be partially granted, to the extent Defendant seeks to assert that they made a good faith effort to prevent retaliation and harassment. It is further recommended that the Defendant be ordered to modify this affirmative defense by limiting it to the Plaintiff's claim for

[6]Defendant's **Third Defense** states, "In the further alternative, Ochsner denies it is liable to Plaintiff for punitive damages; Ochsner made a good faith effort to prevent retaliation, discrimination and harassment in the workplace and to comply with the law." (R. Doc. 6, p. 2.)

discrimination.

**C. Affirmative Defense Number 4**

Defendant raised as an affirmative defense that the Plaintiff's claims are subject to limitations and caps.[7] Defendant asserts that because this is an affirmative defense, it must be pled in the answer, and therefore should not be stricken. (R. Doc. 12, p. 4.) In support, the Defendant cites to *Simon v. United States*, 891- F2d 1154 (5th Cir. 1990). In *Simon*, the Court considered whether the Louisiana limitation on medical malpractice damages was an affirmative defense within the meaning of Rule 8(c). The Court concluded that the limitation was an affirmative defense because it was an "avoidance" within the meaning of the Rule. *Id.*

At the hearing, the Plaintiff contended that this affirmative defense did not properly put her on notice as to which caps or limitations the Defendant was referring to. Further, the Plaintiff contended that the failure to plead this defense did not result in a waiver of the defense. At the hearing, the Defendant clarified that the affirmative defense relates to statutory caps.

In *Paris v. Dallas Airmotive*, No. Civ.A.3:97CV0208-L, 2001 WL 881278 at * 5 (N.D. Tex. July 30, 2001)(Lindsay, J.), an employment discrimination case, the Court considered whether the Defendant's failure to plead or raise the statutory cap until after the verdict constituted a waiver of the defense. The Court found that the statutory caps defense was something that the plaintiff would anticipate in the event of an adverse judgment. The Court further opined that, when a statutory maximum is plainly set forth, there is no reason why it should be pleaded as an affirmative defense. The Court further opined that, if the amount awarded exceeded the statutory maximum, "the appropriate step for the court to take is to adjust the amount to conform to the statute." The Court

[7]Defendant's **Fourth Defense** states, "Plaintiff's claim for damages is subject to all applicable limitations and caps on the recovery of such damages." (R. Doc. 6, p. 2.)

found that because no additional evidence or facts would have to be established through discovery or otherwise, the plaintiff could not show unfair surprise or otherwise show that she suffers any prejudice if the Defendant failed to plead it. *Id.* Therefore, statutory caps was not an affirmative defense.

In contrast, in *Simon*, cited by the Defendant, the court found that statutory caps was an affirmative defense. *Simon*, however, was a diversity case which looked to Louisiana malpractice law to determine if caps were an applicable affirmative defense.

Here, unlike *Simon*, jurisdiction is based on Federal Question. Therefore, the Court finds that, like in *Paris*, the defense of caps or limitations is not an affirmative defense which must be pleaded at this time. As a result, the Court recommends that the affirmative defense should be stricken.

**D. Affirmative Defense Number 5**

Defendant also raised the affirmative defense that any claims not made the subject of a "charge" are time-barred.[8] Defendant claims that failure to raise this affirmative defense results in waiver. Furthermore, the Defendant claims that they can only find out through discovery whether or not the Plaintiff's claims are time barred. (R. Doc. 12, p. 5.) Therefore, the Defendant claims that this defense should not be stricken. *Id.*

Defendant's assertion that the claims are time barred are clearly an enumerate defense listed under Rule 8(c). *See* Fed.R.Civ.P. 8(c)(enumeration statute of limitations as an affirmative defense). However, merely claiming generally that a time bar applies to the instant litigation is insufficient to put the Plaintiff on notice. In order to properly determine this affirmative defense, the Defendant

[8]Defendant's **Fifth Defense** states, "Any claims of retaliation or discrimination not made the subject of a charge timely filed against Defendants with the appropriate federal and/or state agency are time barred." (R. Doc. 6, p. 2.)

must compare the Complaint and the Charge to determine what, if any, claims are included in the Complaint which are not included in the Charge with the EEOC. The Defendant must then specifically plead which claims asserted by the Plaintiff are subject to the affirmative defense.

Here, however, the Defendant has not indicated which claims, if any, asserted by the Plaintiff are time barred because they exceed the scope of the Charge with the EEOC. Further, Defendant's argument that additional discovery is necessary in order to determine if this affirmative defense is applicable, and therefore the motion to strike is premature, is without merit.

The affirmative defense relates to whether or not the Plaintiff has asserted any claims which were not also asserted in the charge with the EEOC. In order to discover this information, the Defendant must look at the Complaint and the charge to see if they reflect the same charges. Both the Complaint, and the Charge with the EEOC, are in the record and were accessible to the Defendant at the time they filed their answer. Therefore, the Defendant had the opportunity and the means to plead this defense with some degree of specificity, but chose to instead make a general allegation.

Furthermore, in the Court's review of the Complaint, there is no indication that the Plaintiff pled any claims that were not included in the Charge. Therefore, Defendant's affirmative defense lacks a factual basis. Because the Defendant has not provided any factual basis for this defense, the Court recommends that the defense be stricken.

**E. Affirmative Defense Number 6**

Fifth, the Defendant addresses their affirmative defense that the Plaintiff's claims are barred where they exceed the scope of the charges filed with the Louisiana Commission on Human Rights

and the EEOC.[9] In support of this affirmative defense, Defendant claims that in *Jackson v. Methodist Medical Center of ILL*, 2007 WL 128001, at * 1, (C.D. Ill. Jan. 11, 2007), the Court found that the defense was properly pled because the parties had yet to conduct discovery, and there was nothing contained in the affirmative defense that was "uniquely within the purview of the Defendant." (R. Doc. 12, p. 5.) Defendant contends that the affirmative defense properly put the Plaintiff on notice, and that the Defendant may later be able to prove facts which support the defense. (R. Doc. 12, p, 5.)

The Court disagrees with the court in *Jackson*. Under the Federal Rules, the Defendant is held to the same pleading standard as a Plaintiff. Under the Federal Rules, a party to a federal proceeding is held tot he requirement that the allegations in a pleading, after reasonable inquiry under the circumstances, have evidentiary support. *See* Fed.R.Civ.P. 1. As discussed in Section D, above, the affirmative defense does not necessitate discovery in order to provide a factual basis. The documents which would provide the factual basis for the assertion, namely the Complaint and the Charges with the Louisiana Commission on Human Rights and/or the EEOC were within the knowledge of the Defendant, so that if any facts supported the defense, those facts could have been pled at the time the Answer was filed. The Defendant failed to make a reasonable inquiry, and as a result pled an unspecific affirmative defense. Therefore, the Court recommends that the Plaintiff's motion to strike Affirmative Defense Number 6 be granted.

[9]Defendant's **Sixth Defense** states, "Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Louisiana Commission on Human Rights and/or Equal Employment Opportunity Commission." (R. Doc. 6, p. 2.)

**F. Affirmative Defense Number 7**

The Defendant also raised the affirmative defense of the "after-acquired evidence doctrine."[10] Defendant contends that because this is a recognizable defense, they should be able to plead it. In support, the Defendant cites to two Northern District of Illinois cases and contends that the Plaintiff has not provided any reason why this defense should be stricken.

In *Johnson v. City of Elgin*, 2001 WL 199506, at *2 (N.D. Ill. Feb. 28, 2001), cited by the Defendant, the Court declined to strike the after acquired evidence doctrine as an affirmative defense. In *Johnson*, however, the Court found that the Defendant's defense should not be stricken because they had properly alleged the existence of after-acquired evidence of employee-wrongdoing, and that this wrongdoing would have led to the employee's dismissal. Specifically, the Defendants, in their Answer, stated that the Plaintiff had engaged in wrongdoing when he failed to notify his Department that a witness had lied.

In *Woolner v. Flair Communications Agency, Inc.*, 2004 WL 161505, * 3 (N.D. Ill. Jan. 22, 2004), also cited by the Defendant, the Court found that the after acquired evidence doctrine was an affirmative defense. However, in *Woolner*, the Defendants pled facts which supported the defense. In fact, the Court in *Woolner* specifically stated that, because the Plaintiff had not contested the validity of the facts surrounding the affirmative defense, the Court would, for purposes of the motion, construe those facts as true. *Id.* at *1, n.1.

Other courts have found that the after acquired evidence doctrine is not an affirmative defense contemplated by Rule 8(c). In *Valdez v. Smith & Deshields*, No. 08-80209, 2008 WL 4861547, at * 2 (S.D. Fla. Nov. 10, 2008), the Court found that the after acquired evidence doctrine

[10]Defendant's **Seventh Defense** states, "To the extent Ochsner discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge, aside from the reasons for which she was terminated, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.' (R. Doc. 6 p. 2.)

was" a rule of evidence which may be asserted at the appropriate time in the proceeding." The Court opined that it was not an appropriate affirmative defense, because it would not defeat the plaintiff's claims if applied, and therefore, was "insufficient as a matter of law as a legal defense to this action." *Id.*

The Defendant has not pointed to any Fifth Circuit case law or any case law from this District addressing whether or not the after acquired evidence doctrine is a permissible defense. However, the Court need not decide whether the after acquired evidence doctrine is a permissible defense under Rule 8(c). Assuming *arguendo* that the after acquired evidence doctrine is an affirmative defense in this Court, the Court finds that the defense has not been sufficiently pled.

Here, unlike the cases cited by the Defendant, Ochsner has merely stated that they reserve their right to assert the after acquired evidence doctrine. Unlike the cases cited by the Defendant, Ochsner has not pled anything specifically related to the after acquired evidence and has merely reserved their right to raise the allegation at a later time. By its own terms, there is no support for the allegation. As is the case with a Complaint, allegations without evidentiary support do not suffice. Therefore, the Court recommends that the Plaintiff's motion to strike affirmative defense number 7 be granted.

**G. Affirmative Defense Number 8**

Defendants raised the affirmative defense that the Plaintiff is not a qualified individual under the Americans with Disabilities Act.[11] (R. Doc. 12, p. 6.) The Defendant claims that this is an affirmative defense that relates to factual matters. Defendant contends that while the Plaintiff may

[11]Defendant's **Eight Affirmative Defense** states, "At all relevant times, Plaintiff was not a qualified individual with a disability within the meaning of the Americans with Disabilities act ("ADA") and LA. R.S. 23:323 and did not request a reasonable accommodation in accordance with the ADA and LA. R.S. 23:323." (R. Doc. 6, p. 3.)

dispute the factual matters regarding this affirmative defense, a disputed question of fact may not be decided upon a motion to strike. Further, Defendant contends that the Plaintiff's motion to strike this affirmative defense is premature because the defense necessarily requires facts to support it which have to be explored through the discovery process. (R. Doc. 12, p. 6.) The Plaintiff contends that, if the Defendant has reason to believe that the Plaintiff is not a qualified individual, then the factual basis for that contention should be provided.

Under the Americans with Disabilities Act, as part of a plaintiff's prima facie case, he or she must prove that they are a qualified person with a disability. However, this is subject to certain affirmative defenses. For example, as an affirmative defense, a defendant may assert that a plaintiff is not a qualified person with a disability because he or she poses a "direct threat" to the health and safety to themselves and others.

Here, the Defendant's allegation that the Plaintiff is not a person with a disability is unclear. The allegation does little to put the Plaintiff on notice that they are asserting, for example, that the Plaintiff's injuries did not rise to the level of a disability or that she is a "direct threat" to the health and safety of others and therefore does not qualify as an individual with a disability. The defense, as plead, is too broad to give notice. The Defendant fails to set forth any evidentiary or factual support for the conclusory asserted proposed defense. *See* Fed.R.Civ.P. 11. As such, the Court finds that the notice pleading standard has not been met, and the affirmative defense should be stricken.

**H. <u>Affirmative Defense 9</u>**

Defendants also raise a "same decision" defense, in which Ochsner contends that they would have taken the same challenged action in the absence of any impermissible motivating factor. Ochsner asserts that the "same decision defense" is a substantive legal theory that must be plead,

and therefore, should not be stricken.[12] Further, the Defendant contends that this affirmative defense is not futile, and therefore, should remain in the Answer. (R. Doc. 12, p. 7.)

The Court finds that this affirmative defense properly puts the Plaintiffs on notice as to the Defendants' contention that, discrimination or no discrimination, the Plaintiff was not an individual that the Defendant's wanted to continue to employ, and they would have fired her anyway. It is clear that the Defendant intends to argue that the Plaintiff was not an adequate employee. As a result, the Court recommends that the Plaintiff's motion to strike affirmative Defense 9 be denied.

### I. Affirmative Defense 10

Although not addressed by the parties in their submissions to the Court, at the hearing the Court addressed the tenth affirmative defense, which is a general "catch all" denial of all allegations.[13] The Court recommends that the defense be stricken, as by its very terms, it cannot put the Plaintiff on notice as to what defense is intended to be asserted. As a result, the Court recommends that the defense be stricken.

## IV. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Kerstin Shinn's **Motion to Strike Affirmative Defenses (R. Doc. 10)** be **GRANTED IN PART** and **DENIED** in part.

- **IT IS RECOMMENDED** that the motion to strike **Defenses 2, 4, 5, 6, 7, 8, and 10** be **GRANTED.**

---

[12]Defendant's **Ninth Affirmative Defense** states, "Notwithstanding Ochsner's general denials and previous affirmative defenses, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, which is denied, the in the alternative Ochsner affirmatively states that it would have taken the same action in the absence of such impermissible motivating factor." (R. Doc. 6, p. 3.)

[13]Defendant's **Tenth Affirmative Defense** states, "Ochsner denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer." (R. Doc. 6, p. 3.)

- **IT IS RECOMMENDED** that the motion to strike **Defense 9** be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Defendant be ordered to modify **defense 3** with sufficient facts to provide a factual basis for the defense **no later than 11 days** from the signing of this Order.

New Orleans, Louisiana, this 21st day of December 2010

**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**